IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CENTURY SURETY COMPANY

    Plaintiff,

    v.      No. 1:24cv00254

YJCHO LLC d/b/a/ AMBASSADOR INN,
YOUNG JA CHO, and MICHAEL ROMERO

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Century Surety Company ("Century") hereby brings this complaint for declaratory relief against YJCHO LLC, d/b/a Ambassador Inn, Young Ja Cho, and Michael Romero, and alleges as follows:

## THE PARTIES

1. Century Surety Company is a foreign insurance company incorporated in the state of Ohio with its principal place of business in Michigan.

2. Defendant YJCHO LLC d/b/a Ambassador Inn ("Ambassador Inn") is a New Mexico organized and based limited liability company with a single member, Young Ja Cho, who was a former New Mexico resident and is now a Colorado resident.

3. Defendant Young Ja Cho was a manager and/or owner of Defendant Ambassador Inn.

4. Defendant Michael Romero is a resident of Bernalillo County, State of New Mexico.

## JURISDICTION AND VENUE

5. The court has subject matter jurisdiction under 28 U.S.C. § 1332.

6. There is complete diversity of citizenship as to all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

1

7. The claims at issue in this action arose in the District of New Mexico and the insurance contract was issued in the state of New Mexico. Venue is, therefore, proper in this Court under 28 U.S. C. § 1391.

8. Declaratory relief is requested pursuant to 28 U.S. C. § 2201.

9. There is an actual justiciable controversy between Century and Defendants regarding whether under an insurance policy issued by Century to Defendants Ambassador Inn, Century has a duty to defend or indemnify Ambassador Inn and/or Young Ja Cho in a New Mexico State Court proceeding brought by Defendant Michael Romero. Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation with respect to the issues raised by this Complaint.

## **GENERAL ALLEGATIONS**

*The Insurance Policy*

10. Century issued a general liability policy, number CCP872310, to Named Insured YJCHO LLC d/b/a Ambassador Inn with effective dates of coverage November 18, 2019 through November 18, 2020 (the "Policy").

11. A true and correct copy of the Policy is attached hereto as Exhibit A.

12. The policy provides bodily injury and property damage coverage as follows:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>     (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
>     (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
>   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
>
>   b. This insurance applies to "bodily injury" and "property damage" only if:
>
>     (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

*See* Exhibit A, Policy, CG 00 01 04 13 at 1 of 16.

13. The following endorsement applied during the policy period:

> **A.** The following is added to Section I – Coverages, Coverage **A** – Bodily Injury and Property Damage Liability, paragraph **1.**, Insuring Agreement, sub - paragraph **b**.
>
> The "bodily injury" or "property damage" coverage under this insurance is strictly limited to the classification(s), and code(s), listed on the Commercial General Liability Coverage Declarations page and its endorsements or supplements.

*Id.*, Endorsement, Classification Limitation Endorsement, CGL 1711b 1217 at 1 of 1.

14. As amended by an endorsement, the Policy defines "occurrence" as

> **3. Item 13., "Occurrence" is deleted in its entirety and replaced with the following:**
>
> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

3

*Id.* Special Exclusions and Limitations Endorsement to CGL Coverage, at CGL 1701 0917 at 1 of 5.

      15.     The Policy defines "bodily injury" as:

> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*See id.*, CG 00 01 04 13 at 13 of 16.

      16.     The Policy defines who is an insured:

> **SECTION II – WHO IS AN INSURED**
>
> **1.** If you are designated in the Declarations as:
>
>   **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
>
>   **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
>
>   **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>
> **2.** Each of the following is also an insured:
>
>   **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

*Id.* at 9-10 of 16.

4

17. The Policy also provides coverage for "Personal and advertising injury":

> **1. Insuring Agreement**
>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

*Id.* at 6 of 16.

18. An endorsement to the Policy replaces the original subparagraph (b) in the insuring agreement for Personal and Advertising Injury Liability, providing:

> **B.** The following is added to Section I – Coverages, Coverage B – Personal and Advertising Injury Liability, paragraph 1., Insuring Agreement, sub-paragraph b.
>
> The "personal and advertising injury" coverage under this insurance is strictly limited to the classification(s), and code(s), listed on the Commercial General Liability Coverage Declarations page and its endorsements or supplements.

*Id.*, Endorsement Classification Limitation Endorsement, CGL 1711b 1217 at 1 of 1.

19. The policy defines "Personal and advertising injury as:

> **4. Item 14., "Personal and advertising injury" is deleted in its entirety and replaced with the following:**
>   14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>     a. False arrest, detention or imprisonment;
>     b. Malicious prosecution;
>     c. The wrongful eviction from or the wrongful entry into or the invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that such wrongful eviction, wrongful entry or invasion of the right of private occupancy was committed by or on behalf of the room's, dwelling's or premises' owner, landlord or lessor.
>     d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

*Id.* at 5 of 5.

20. The Policy provides multiple exclusions, including:

5

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*Id.* at 2 of 21.

21. The Policy also provided an Assault and Battery Exclusion:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**EXCLUSION - ASSAULT AND BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
CONTRACTORS LIMITED CLAIMS MADE AND REPORTED GENERAL LIABILITY COVERAGE PART
CONTRACTORS LIMITED CLAIMS MADE GENERAL LIABILITY COVERAGE PART

1. This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:
   (a) any actual, threatened or alleged assault or battery regardless of whether or not any action was undertaken or was alleged to have been undertaken in self-defense;
   (b) the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;
   (c) the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;
   (d) the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;
   (e) the negligent:
       (i) employment;
       (ii) investigation;
       (iii) supervision;
       (iv) training; or
       (v) retention;
       of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1. (a), (b), (c) or (d) above; or
   (f) any other act or omission, either leading up to, during or following any alleged assault or battery, on the part of the insured or anyone else for whom the insured may be legally responsible, in any way relating to, concurrently or in succession with, 1.(a),(b),(c),(d) or (e), above.

2. We shall have no duty to defend or indemnify any claim, demand, "suit", action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:
   (a) any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.
   (b) any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.
   (c) any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.
   (d) any actual or alleged injury arises out of any act or omission in connection with the prevention or suppression of assault or battery or any physical altercation.

3. For the purposes of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault and any other type of physical altercation.

All other terms and conditions of this policy remain unchanged.

6

*Id.*, Endorsement, Exclusion Assault and Battery. CGL 1704 0116 at 1 of 1.

22. In addition to the Expected and Intended Injury exclusion and the Assault and Battery Exclusion, the policy also excludes:

> **5. Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**
> Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

*Id.* at CGL 1701 0917 at 1 of 5.

### *The Underlying State Court Complaint*

23. On April 7, 2023, Michael Romero ("Romero") filed a Complaint, D-202-CV-2023-02812, in the Second Judicial District Court in Bernalillo County, New Mexico, against Defendants Francisca Leichtle, YJCHO LLC d/b/a/ Ambassador Inn, Young Ja Cho, Tej Hospitality LLC, and John Does 1-3 ("Underlying Action"). *See* Ex. B.

24. In the Underlying Action, Romero seeks damages from Defendants relating to an assault and battery that occurred on June 6, 2020, when he occupied room number 212 at the Ambassador Inn, located at 1520 Candelaria Rd. NE, Albuquerque, New Mexico.

25. At the time of the incident alleged in the Underlying Action, the Ambassador Inn was managed by Defendant Young Ja Cho. *Id.* ¶ 17.

26. According to Romero's Complaint in the Underlying Action the Ambassador Inn assigned both he and Leichtle the right to occupy room 212. *Id.* ¶¶ 19, 23. Around midnight, while Romero slept in the room, Leichtle, and three men, John Does 1-3 (collectively Tortfeasor Underlying Action Defendants), entered the room. *Id.* ¶ 20. The four Tortfeasor Underlying Action Defendants assaulted, beat, and expelled Romero from the room. *Id.* ¶ 22. Romero returned to the lobby, but no one was there until 4:00 a.m. when the manager/owner returned. *Id.* ¶ 24-26. She refused to help him, so Romero flagged a passing ambulance and it transported him to a hospital. *Id.* ¶ 27. The Albuquerque Police Department investigated the incident and concluded that the Ambassador Inn had double booked the room. *Id.* ¶ 28.

27. Romero's Complaint states four claims; but only three state claims (Counts I, III, and IV) against Defendants Ambassador Inn and/or Young Ja Cho. Count I is predicated on tort claims alleging a breach of the Ambassador Inn's duty to Romero. It asserts that the Ambassador Inn was negligent or reckless for the following: failing to implement security measures that would have prevented criminal activity from causing serious injury to Romero; failing to assist Romero when he was forcefully evicted from his room, failing to train employees in recognizing criminal activity on the premises; failing to patrol public places, and other unspecified failures to secure the premises which resulted in Romero's injuries and damages. *Id.* ¶¶ 29-43.

28. Count III alleges that Ambassador Inn violated New Mexico Unfair Practices Act ("UPA"), NMSA 1978, sections 57-12-1 to 26. *Id.* ¶¶ 49-56.

29. Count IV states that Ambassador Inn breached its implied or express contract with Romero to provide him with his reasonable expectation of safe and secure occupancy. *Id.* ¶¶ 49-56.

30. The Complaint seeks compensatory damages, punitive damages, treble damages, attorney's fees, interests and costs. *Id.* ¶ 63 and "WHEREFORE" clause at p. 11.

*Ambassador Inn and Young Ja Cho tender to Century*

31. Ambassador Inn and Young Ja Cho provided notice of the Underlying Action to Century and demanded defense and indemnity under the Policy.

32. Century agreed to provide a defense to Ambassador Inn and Young Ja Cho under a reservation of rights.

33. Since the Complaint was filed, Romero has also alleged that the Ambassador Inn and/or Young Ja Cho willfully engaged in spoliation of evidence and, as sanctions, Romero seeks a default judgment against them. *See*. Ex. C.

## COUNT ONE – DECLARATORY RELIEF

34. Century incorporates the allegations of paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. All of the alleged claims in the Underlying Action that resulted in Romero's injuries and damages arose from the intentional acts of the Tortfeasor Underlying Action Defendants when they allegedly assaulted and battered him. The Policy does not provide coverage for "bodily injury," "property damages" or "personal injury arising out of any negligent acts "of a person for whom an insured is or ever was legally responsible" or "any other act or omission, either leading up to, during or following any alleged assault or battery on the part of the insured or anyone else for whom the insured may be legally responsible." *Id.*

36. Romero's injury claims arise out of allegations that the Ambassador Inn negligently failed to keep the premises safe, which resulted in his assault and battery, and as such, is thereby precluded contractually by the Assault and Battery Exclusion.

37. Romero's allegations that he was wrongfully removed from his room is a personal and advertising injury that arises out of or results from an assault and battery, which the Policy precludes from coverage under the Assault and Battery exclusion.

38. Romero's allegations that the Ambassador Inn violated the Unfair Trade Practices Act arises out of and results from his claim for injuries due to an assault and battery and is precluded by the Assault and Battery Exclusion.

39. Romero's allegations that the Ambassador Inn breached an implied or express contract arises out of his claims for injuries due to an assault and battery and is precluded by the Assault and Battery Exclusion.

40. To the extent Romero claim that Defendants Ambassador Inn and Young Ja Cho committed the act of spoliation by deleting video evidence during the Policy period, spoliation is an intentional act that is precluded from Policy coverage by the Expected or Intended Injury Exclusion.

41. The rights and obligations of Century and Defendants are in dispute and affected by the terms and conditions of the Policy at issue and New Mexico case law.

42. Specifically, a controversy between the parties exists regarding whether Defendants YJCHO LLC d/b/a Ambassador Inn and Young Ja Cho are entitled to a defense and/or indemnification of the claims made against them by Romero in the Underlying Action.

43. Century does not owe either a defense or indemnification obligation to Defendants YJCHO LLC d/b/a/ Ambassador Inn and Young Ja Cho because the underlying basis for all claims arise out of the assault and battery of Plaintiff and/or are excluded from coverage by the Expected or Intended Injury exclusion.

44. Century has no duty to defend Defendants—YJCHO LLC d/b/a Ambassador Inn, or Young Ja Cho in the Underlying Action because the insurance does not apply or provide coverage for any of the alleged claims.

45. By reason of the foregoing, there now exist an actual justiciable controversy between Century and Defendants in the Underlying Action as required by 28 U.S.C. § 2201. Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation with respect to the issues raised by this Complaint.

WHEREFORE, Century respectfully requests that this Court declare the rights and obligations of the parties hereto in accordance with Century's contentions herein; specifically that:

(A) Judgment be entered in Century's favor and the Court enter a declaration regarding the rights and obligations of each of the parties with respect to the dispute herein and find that there is no coverage under the Policy for the claims asserted in the Underlying Action;

(B) That the Court enter judgment declaring that Century has no duty to defend or indemnify YJCHO LLC d/b/a/ Ambassador Inn or Young Ja Cho for the claims asserted in the Underlying Action; and

(C) That the Court award Century such other relief, including its costs as this Court deems just and proper.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Jennifer A. Noya*
    Jennifer A. Noya
    Shannon N. Nairn
    Post Office Box 2168
    Bank of America Centre, Suite 1000
    500 Fourth Street, N.W.
    Albuquerque, New Mexico 87103-2168
    Telephone: (505) 848-1800

*Attorneys for Century Surety Company*